[Civ. No. 14227.   First Dist., Div. Two.   Nov. 30, 1949.]

ANNA VERUTTI, Appellant, v. RAY D. SMITH et al.,
Respondents.

Francis H. Frisch for Appellant.

Bruce Walkup for Respondents.

NOURSE, P. J.—In an action for debt against Paul Matus the plaintiffs attached an Adams Patrol Grader which was being used by Matus on a construction job in Napa County. Anna Verutti filed a third party claim in the action which was commenced in Contra Costa County and thereafter the copartners, plaintiffs in the original action, filed their application to determine title to the grader. In due course this proceeding was tried and judgment was entered in favor of the copartners; Anna Verutti appealed and is charged with some delays in perfecting that appeal. These have led to the present motion of respondents to dismiss the appeal.

During the argument on the motion appellant conceded some of the delays charged by respondents and asked and was granted leave to move for relief under rule 53(b), Rules on Appeal.

On this motion it was shown that the delay in the preparation of the clerk's and reporter's transcripts was caused mainly by the fact that two reporters participated in the proceeding; that one had gone East and was unavailable; that when appellant was given notice of the approximate cost of transcripts she paid the same; that when both transcripts were filed with the county clerk notice was duly given counsel for respondents; and that, no objection having been made, the transcripts were filed with the clerk of this court on June 23, 1949. Appellant's opening brief was filed in this court on July 28, 1949.

Respondents, on August 19, 1949, filed their notice of motion to dismiss the appeal. They have made no countershowing to the case made by appellant for relief under rule 53(b). We may therefore assume that the facts stated by appellant are true.

The purpose of this rule is to permit a reviewing court to hear an appeal on its merits when the delays have been inconsequential. Here the transcripts were filed within a reasonable time—that is to say within the time which is ordinarily taken—and appellant's brief was filed before the motion to dismiss was noticed. If an early decision had been desired by respondents they could have filed their brief within the time allowed; their motion to dismiss the appeal is the sole cause for present delays. We must assume therefore that appellant's delays in the preparation and filing of the transcripts have not caused respondents any appreciable harm since they have done nothing to facilitate an early decision on the appeal.

The motion to dismiss the appeal is denied. The motion for relief is granted.

Goodell, J., and Dooling, J., concurred.